**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TIMOTHY MILES, on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 4:20-CV-01186 JAR |
| MEDICREDIT, INC., ) ) ) | |
| Defendant. ) | |

**AMENDED MEMORANDUM AND ORDER**

Plaintiff Timothy Miles brings this putative class action against Defendant Medicredit, Inc. ("Medicredit"), a medical debt collector, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Specifically, Plaintiff alleges Medicredit violated § 227(b)(1)(A)(iii) of the TCPA by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice, without their prior express consent. (Amended Class Action Complaint ("AC"), Doc. No. 18 at ¶ 3). In Plaintiff's case, he alleges Medicredit placed six (6) calls to his cellular telephone between January 2018 and February 2018 using an artificial or prerecorded voice without his prior express written consent. (Id. at ¶¶ 18-26).

Medicredit moves to dismiss pursuant to Rule 12(b)(1), arguing this Court lacks subject-matter jurisdiction over Plaintiff's claims because the TCPA provision at issue, § 227(b)(1)(A)(iii), was unconstitutional at the time it allegedly called Plaintiff, based upon the

1

Supreme Court's recent decision in Barr v. Am. Ass'n of Political Consultants, Inc., 140 S. Ct. 2335 (2020) ("AAPC"). Alternatively, Medicredit moves to dismiss the class allegations pursuant to Rule 12(b)(6) for failure to satisfy the predominance requirement of Rule 23. Plaintiff filed a response in opposition (Doc. No. 25) and Medicredit replied. (Doc. No. 27). The Court has also considered Plaintiff's notice of supplemental authority filed on February 22, 2021. (Doc. No. 26). The motion is therefore fully briefed and ready for disposition.

**Subject matter jurisdiction under Rule 12(b)(1)**

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds. See Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (internal quotation marks and citation omitted). Facial challenges are based solely on the allegations in the complaint and the Court must accept the complaint's allegations as true. Id. Where there is a factual attack on subject matter jurisdiction, the court may consider extrinsic evidence such as deposition testimony and affidavits. Id. Because Medicredit challenges this Court's jurisdiction based on the allegations in the complaint, the Court accepts Plaintiff's allegations as true.

By way of background, the TCPA, enacted in 1991, generally prohibits robocalls to cell phones and home phones. See 47 U.S.C. § 227(b)(1)(A)(iii). On November 2, 2015, the TCPA was amended by adding an exception to allow robocalls made to collect government debt (the "government-debt exception"). See Bipartisan Budget Act of 2015, Pub. L. 114-74, 129 Stat. 584, Title III, § 301(a)(1) (2015). Under the 2015 version of the statute:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –

>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
> * * *
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, ***unless such call is made solely to collect a debt owed to or guaranteed by the United States***[.]

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

In AAPC, the Supreme Court held that the "government-debt exception," which permitted robocalls "solely to collect a debt owed to or guaranteed by the United States" while leaving robocalls involving other types of content subject to the TCPA's prohibitions, resulted in an unconstitutional content-based restriction on free speech. 140 S. Ct. at 2347. However, the Supreme Court did not invalidate the entire statute. Rather, it held that the invalid government-debt exception could be severed from the statute. Id. at 2356 ("We hold that the 2015 government-debt exception added an unconstitutional exception to the law. We cure that constitutional violation by invalidating the 2015 government-debt exception and severing it from the remainder of the statute.").[1]

---

[1] Justice Kavanaugh, joined by Chief Justice Roberts and Justice Alito, concluded in Parts I and II that this amendment was unconstitutional because it favored debt-collection speech over political or other speech in violation of the First Amendment. McCurley v. Royal Sea Cruises, Inc., No. 17-CV-00986-BAS-AGS, 2021 WL 288164, at *2 (S.D. Cal. Jan. 28, 2021) (citing AAPC, 140 S. Ct. at 2342-48). In Part III, these three Justices concluded that the 2015 amendment should be severed, leaving the bulk of the TCPA intact. Id. (citing AAPC at 2348-56). Justice Sotomayor, who concurred, would have based Parts I and II on a different ground (applying intermediate as opposed to strict scrutiny to the speech) but concurred in the conclusion and in Part III with respect to severability. Id. (citing AAPC at 2356–57). Justices Breyer, Ginsburg, and Kagan, who dissented in part, disagreed that the amendment violated the First Amendment, but ultimately concurred with Part III finding the amendment severable. Id. (citing AAPC at 2357-63). Justices Gorsuch and Thomas agreed with Parts I and II that the amendment was unconstitutional but dissented on the issue of severability. Id. (citing AAPC at 2363-67). Thus, six Justices agreed that, in adding the government-debt exception to the statute in 2015, Congress had impermissibly favored debt-collection speech over political and other speech in violation of the First Amendment and seven Justices agreed that the proper remedy for this constitutional infirmity was to

In support of its motion to dismiss, Medicredit argues that the government-debt exception made the entirety of § 227(b)(1)(A)(iii) unconstitutional and unenforceable from 2015, when the TCPA was amended to add the government-debt exception, to July 6, 2020, the date of the AAPC decision; and that because Plaintiff alleges the calls at issue were from January 2018 to February 2018, the TCPA was unenforceable at the time the calls were made and this Court lacks jurisdiction to enforce any alleged violations under the statute. Medicredit relies on three recent district court opinions following AAPC that conclude that courts lack subject-matter jurisdiction to hear claims brought under § 227(b)(1)(A)(iii) for telephone calls alleged to have taken place when the statute was unconstitutional and could not be enforced. See Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc., No. 5:20-CV-38-OC-30PRL, 2020 WL 7346536, *3 (M.D. Fla. Dec. 11, 2020) ("federal courts lack subject matter jurisdiction over alleged violations from enactment of the 2015 amendment to the July 6, 2020 decision in AAPC"); Lindenbaum v. Realty, LLC, No. 1:19 CV 2862, 2020 WL 6361915, *7 (N.D. Ohio Oct. 29, 2020) ("Because the statute at issue was unconstitutional at the time of the alleged violations, this Court lacks jurisdiction over this matter."); Creasy v. Charter Commc'ns, Inc., No. CV 20-1199, 2020 WL 5761117, *2 (E.D. La. Sept. 28, 2020) ("That fact deprives the Court of jurisdiction over much of this action."). (Doc. No. 24 at 1, 5-6).

The Court acknowledges there is a direct conflict in district court decisions issued after AAPC over the liability of robocallers under § 227(b) for calls that took place between November 2, 2015 and July 6, 2020, and the Eighth Circuit has not yet addressed this issue. However, the clear majority of cases to consider this issue have allowed parties to continue to

---

invalidate and sever the government debt exception, leaving the rest of the TCPA intact. Stoutt v. Travis

4

bring § 227(b) claims post-AAPC. See McCurley, 2021 WL 288164, at *1 (S.D. Cal. Jan. 28, 2021); Less v. Quest Diagnostics Inc., No. 3:20 CV 2546, 2021 WL 266548, at *1 (N.D. Ohio Jan. 26, 2021); Bonkuri v. Grand Caribbean Cruises, Inc., No. 0:20-CV-60638-WPD, 2021 WL 612212, at *1-3 (S.D. Fla. Jan. 19, 2021); Stoutt, 2021 WL 99636, at *5; Trujillo, 2020 WL 8184336, at *5; Shen, 2020 WL 7705888, at *5; Abramson v. Federal Insurance Company, Bay Area Health, LLC, No. 8:19-cv-2523, 2020 WL 7318953 (M.D. Fla. Dec. 11, 2020); Buchanan v. Sullivan, No. 8:20-CV-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020); Schmidt v. AmerAssist A/R Sols. Inc., No. CV-20-00230-PHX-DWL, 2020 WL 6135181, at *4 n.2 (D. Ariz. Oct. 19, 2020); Lacy v. Comcast Cable Communications, LLC, No. 3:19-cv-05007-RBL, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020); Komaiko v. Baker Techs., Inc., No. 19-cv-03795-DMR, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020); Burton v. Fundmerica, Inc., No. 8:19-CV-119, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020).

Medicredit contends these opinions are mistaken for several reasons. First, Medicredit argues these cases rely on a footnote in Justice Kavanaugh's plurality opinion:

> Although our decision means the end of the government-debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of final judgment by the District Court on remand in this case, or such date that the lower courts determine is appropriate. On the other side of the ledger, ***our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction.***

AAPC, 140 S. Ct. at 2355 n.12 (emphasis added). Medicredit takes the position that because this statement was not joined by a majority of the Court, it is dicta and not binding on this Court. (Doc. No. 24 at 6-7). This argument has been rejected by several district courts, with one court

---

Credit Union, No. 2:20-CV-01280 WBS AC, 2021 WL 99636, at *2 (E.D. Cal. Jan. 12, 2021).

finding that Justice Kavanaugh's statement is not dicta because it was joined by six other justices, McCurley, 2021 WL 288164, at *2-3, and others finding that while his resolution of the issue may not be binding, it is ultimately persuasive, see Stoutt v. Travis Credit Union, No. 2:20-CV-01280 WBS AC, 2021 WL 99636, at *3 (E.D. Cal. Jan. 12, 2021); Trujillo v. Free Energy Savings, Co., LLC, No. 5:19-cv-02072-MCS-SP, 2020 WL 8184336, at *3 (C.D. Cal. Dec. 21, 2020); Shen v. Tricolor California Auto Grp., LLC, No. CV 20-7419 PA (AGRX), 2020 WL 7705888, at *4 (C.D. Cal. Dec. 17, 2020). The Court finds these decisions persuasive and agrees that Kavanaugh's statement signals the intent of the Supreme Court and what it would hold in future cases and, as such, may not be dismissed by a district court. McCurley, 2021 WL 288164, at *3.

Next, Medicredit attempts to distinguish Frost v. Corp. Comm'n of Okla., 278 U.S. 515 (1929), a case cited by the Supreme Court in AAPC in support of severing the 2015 government-debt exception. (Doc. No. 24 at 7-8). In Frost, the Court concluded that a 1925 amendment exempting certain corporations from making a showing of "public necessity" to obtain a cotton gin license was invalid and severable from the 1915 law that required that showing. The Court in Frost explained that an unconstitutional statutory amendment "is a nullity" and "void" when enacted, and for that reason has no effect on the original statute. AAPC, 140 S. Ct. at 2353 (citing Frost at 526-27) (internal quotation marks omitted). Medicredit argues Frost is not analogous to the instant case because it does not address retrospective liability. In other words, if the government-debt exception were treated void as *ab initio*, then government debt collectors could be subject to TCPA liability for calls made between 2015 and 2020, creating "due process issues." This Court need not address whether government debt collectors are subject to liability

for calls made between 2015 and 2020. Medicredit is not a government-debt collector. "The due process question should properly be resolved in a different case." See Stoutt, 2021 WL 99636, at *4; Trujillo, 2020 WL 8184336, at *4.

Lastly, Medicredit argues that several of these opinions rely on Duguid v. Facebook, Inc., 926 F.3d 1146 (9th Cir. 2019), when the case predated AAPC. (Doc. No. 24 at 8). In Duguid, the plaintiff sued Facebook for violating the TCPA, alleging it sent text messages using an automatic telephone dialing system (ATDS) between 2012 and 2106. The Ninth Circuit, "employing an analysis that predates but is consistent with the Supreme Court's disposition in AAPC," see Shen, 2020 WL 7705888, at *4, held the government debt exception was unconstitutional, but severed the exception from the remainder of § 227(b)(1)(A)(iii) and remanded for further proceedings, thereby implicitly acknowledging that claims concerning non-government debt collection robocalls made after the 2015 enactment of the government debt exception remain viable. 926 F.3d at 1157. Given that the Ninth Circuit "employ[ed] an analysis that predates but is consistent with the Supreme Court's disposition in AAPC," see Shen, 2020 WL 7705888, at *4, the Court finds reliance on Duguid for its treatment of the severance issue is not misplaced.

For these reasons, the Court concludes that Plaintiff states a viable claim over which the Court possesses subject matter jurisdiction. Accordingly, the Court will deny Medicredit's motion to dismiss for lack of subject matter jurisdiction.

**Class allegations under Rule 12(b)(6)**

A complaint must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual

7

allegations must be enough to raise a right to relief above the speculative level ...." Id. at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further, a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

Regarding class certification, a proposed class must satisfy the requirements of Federal Rule of Civil Procedure 23(a), as well as one of the three alternatives in Rule 23(b), in order to be certified. Lindsay Transmission, LLC v. Office Depot, Inc., No. 4:12–CV–221 (CEJ), 2013 WL 275568, at *3 (E.D. Mo. Jan. 24, 2013) (citation omitted). "As a threshold matter, a proposed class must always meet the Rule 23(a) requirements of numerosity, typicality, commonality, and adequacy of representation." Id. However, when a plaintiff seeks certification under Rule 23(b)(3), proponents of class certification must also demonstrate: "(1) that the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy." Id. (citation omitted).

8

Plaintiff brings this action as a class action pursuant to Rule 23(a) and (b) on behalf of himself and two classes of similarly situated individuals as defined below:

> **ATDS Class**: All persons and entities throughout the United States (1) to whom Medicredit, Inc. placed, or caused to be placed, at least one call ( 2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system, (4) from December 16, 2017 through and including the date of class certification, (5) where the called party did not have an account with Medicredit, Inc.
>
> **Prerecorded Voice Class**: All persons and entities throughout the United States (1) to whom Medicredit, Inc. placed, or caused to be placed, at least one call (2) directed to a number assigned to a cellular telephone service, by (3) using an artificial or prerecorded voice, (4) from December 16, 2017 through and including the date of class certification, (5) where the called party did not have an account with Medicredit, Inc.

(AC at ¶ 53).

Medicredit argues that Plaintiff's class definitions cannot satisfy the Rule 23 predominance requirement because they require individualized inquiries to determine class membership and whether, under the circumstances, there could be TCPA liability. Specifically, Medicredit argues that conditioning membership on "called parties" without Medicredit accounts generates at least three fact-specific inquiries that cannot be resolved with class-wide proof: (i) the identity of each "called party"; (ii) whether each "called party" has a Medicredit account; and (iii) for any called party who potentially does not have a Medicredit account, whether Medicredit's call was made with prior express consent. Likewise, Plaintiff's Prerecorded Voice Class definition requires further individualized inquiries to determine whether each putative class member actually received a prerecorded voice message. In response, Plaintiff argues that Medicredit's motion is premature and that its fact-specific arguments against class-certification

9

should only be considered after discovery. Moreover, Plaintiff asserts that the proposed classes are ascertainable because they are defined by reference to objective criteria.

In the Eighth Circuit, "class claims that fail to meet the requirements of Rule 23 may be properly dismissed by granting a Rule 12(b)(6) motion." Anglin v. Edgewell Pers. Care Co., No. 4:18-CV-00639-NCC, 2018 WL 6434424, at *13 (E.D. Mo. Dec. 7, 2018) (citing McCrary v. Stifel, Nicolaus & Co., 687 F.3d 1052, 1059 (8th Cir. 2012); In re Zurn Pex Plumbing Products Liab. Litig., 644 F.3d 604, 611 (8th Cir. 2011); Blades v. Monsanto Co., 400 F.3d 562, 566 (8th Cir. 2005)). Indeed, Rule 23(c)(1)(A) provides "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." However, the Eighth Circuit has also noted that "[t]he propriety of class action status can seldom be determined on the basis of the pleadings alone." Walker v. World Tire Corp., 563 F.2d 918, 921 (8th Cir. 1977). To determine the nature of class allegations and rule on compliance with Rule 23 requirements, the court must possess sufficient evidence. St. Louis Heart Ctr., Inc. v. Forest Pharm., Inc., No. 4:12-CV-02224 JCH, 2013 WL 1076540, at *5 (E.D. Mo. Mar. 13, 2013) (citing Walker, 563 F.2d at 921). Where the pleadings fail to conclusively demonstrate whether the requirements of Rule 23 are met, the parties must be given the opportunity to discover and present documentary evidence on the class certification issue. Id. See also Giesmann v. Am. Homepatient, Inc., No. 4:14CV1538 RLW, 2015 WL 3548803, at *6 (E.D. Mo. June 8, 2015) ("The Court is not entertaining a motion to certify the class and finds these issues better left for a fully briefed and supported motion for class certification."). Courts in this Circuit have repeatedly remarked that motions to dismiss class allegations should be met "with a great deal of skepticism," and dismissing class allegations prior to discovery and class

certification proceedings is "rare" and "generally disfavored." <u>McCullen v. Union Pac. R.R. Co.</u>, No. 19-00347-CV-W-ODS, 2019 WL 3456815, at *3 (W.D. Mo. July 31, 2019) (citing cases).

Construing the class claims liberally in Plaintiff's favor, the Court finds the amended complaint contains sufficient facts that state a plausible class action claim against Medicredit. Furthermore, the Court hesitates to foreclose the possibility of class-wide relief at the pleading stage. Instead, Plaintiff should be given the opportunity to conduct discovery on class certification issues. This Court and others have reached similar conclusions. <u>See</u>, <u>e.g.</u>, <u>Giesmann</u>, 2015 WL 3548803, at *6; <u>McCullen</u>, 2019 WL 3456815, at *4. The Court will, therefore, deny Medicredit's motion to dismiss the class allegations at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Medicredit, Inc.'s Motion to Dismiss the First Amended Complaint [23] is **DENIED.**

**IT IS FURTHER ORDERED** that <u>**no later than March 23, 2021**</u>, Defendant shall file an answer to Plaintiff's Amended Class Action Complaint.

Dated this 18th day of March, 2021.

                                                                             _____
                                                                            **JOHN A. ROSS**
                                                                            **UNITED STATES DISTRICT JUDGE**