**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY MILES, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:20-CV-01186 JAR |
| MEDICREDIT, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Medicredit, Inc.'s Motion for Partial Judgment on the Pleadings. (Doc. No. 35). The motion is fully briefed and ready for disposition.[1]

**Background**

Plaintiff brings this putative class action against Defendant Medicredit, a medical debt collector, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Specifically, Plaintiff alleges Medicredit violated § 227(b)(1)(A)(iii) of the TCPA by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an automatic telephone dialing system ("ATDS") (Count I) and an artificial or prerecorded voice (Count II), without their prior express consent. (Amended Class Action Complaint ("AC"), Doc. No. 18 at ¶ 3).

According to the amended complaint, Medicredit placed numerous calls to Plaintiff's cellular telephone number in an effort to contact and collect a debt allegedly owed by a third party, unknown to Plaintiff, named "Amy." (AC at ¶¶ 17, 31). Plaintiff alleges upon information

---

[1] Both sides have submitted supplemental authority in support of their briefing (Doc. Nos. 47-1, 48-1, 49-1, 50-1, 51-1, 51-2, 52-1, 52-2) which the Court has considered.

and belief, and "in light of the frequency, character, number, and nature of the calls," that Medicredit used an ATDS, as defined by § 227(a)(1), to place its calls to his cellular telephone number. (Id. at ¶ 36). More specifically, Plaintiff alleges Medicredit uses a predictive dialer, a type of ATDS with the capacity to store numbers to be called, and to dial such numbers automatically (even if the system must be turned on or triggered by a person). (Id. at ¶¶ 37-38, 52). Plaintiff further alleges, upon information and belief, that Medicredit uploads telephone numbers to be called to its dialer, which then stores the numbers to be called and automatically dials those numbers based on the availability of Medicredit's customer service representatives to field connected calls. (Id. at ¶ 39).

Medicredit moves for partial judgment on the pleadings, arguing that Count I of Plaintiff's amended complaint fails to plausibly allege that Medicredit's dialer is an ATDS under the definition set forth in the Supreme Court's recent decision in Facebook, Inc. v. Duguid, 141 S. Ct. 1163 (2021). More specifically, Medicredit argues that Plaintiff fails to allege its dialer stores or produces telephone numbers to be called using a random or sequential number generator. Plaintiff urges the Court to deny Medicredit's motion and allow discovery on the capabilities of Medicredit's dialer. Alternatively, Plaintiff asks for leave to amend his complaint in light of Duguid.

**Legal standard**

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6). Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, the pleader must support them with factual allegations. Id. at 679. The court reviews the plausibility of the plaintiff's claim "as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n.4 (8th Cir. 2010).

The scope of a court's inquiry on a Rule 12(b)(6) motion is limited to the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint as well as materials that are necessarily embraced by the pleadings. <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citations omitted).

**Discussion**

The issue for purposes of deciding Medicredit's motion is whether Plaintiff has sufficiently alleged that Medicredit's dialer is an ATDS. The TCPA defines an ATDS as "equipment which has the capacity —

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

> (B) to dial such numbers."

47 U.S.C.A. § 227(a)(1). Various parts of this definition have been extensively litigated, including the term "capacity" and whether a device that requires human intervention qualifies. In <u>Duguid</u>, the Supreme Court held that "to qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." 141 S. Ct. at 1167.

The plaintiff in <u>Duguid</u> challenged a Facebook security feature that allows a user to provide a telephone number to be contacted via text message when an attempt is made to access their Facebook account from an unknown device or browser. This is an "opt-in" feature, meaning the user must affirmatively provide and verify a phone number to which Facebook can send messages. <u>Id</u>. at 1168. Plaintiff received several of these security notification messages despite not having a Facebook account and thus not having provided Facebook with his phone number for this purpose. <u>Id</u>. He sued, alleging Facebook violated the TCPA by maintaining a database

that stored phone numbers and programming its equipment to send automated text messages to those numbers in response to a potential unauthorized access attempt. Id.

The question before the Supreme Court, which focused only on part (a) of the statutory definition of an ATDS, was whether the phrase "using a random or sequential number generator" applied to both "store" and "produce" or only to "produce." Facebook stored the telephone numbers it contacted but did not use a random or sequential number generator to store or contact those numbers; rather, Facebook's program contacted specific numbers, i.e., numbers belonging to those whom it was attempting to inform of a potentially unauthorized login. Based on this reasoning, Facebook moved to dismiss the case at the district court level, arguing that the plaintiff had failed to allege it sent text messages to "randomly or sequentially generated" numbers. The district court agreed and dismissed the plaintiff's complaint with prejudice. Duguid v. Facebook, Inc., No. 15-CV-00985-JST, 2017 WL 635117 (N.D. Cal. Feb. 16, 2017).

On appeal, the Ninth Circuit reversed, holding that an ATDS only had to have the capacity to "store numbers to be called" and to "dial such numbers automatically"; the device did not have to use a random or sequential generator to actually store the numbers. Duguid v. Facebook, Inc., 926 F.3d 1146 (9th Cir. 2019). The Supreme Court, noting a conflict among the various courts of appeal on this issue, granted certiorari. Facebook, Inc. v. Duguid, 141 S. Ct. 193 (2020).

Following "conventional rules of grammar," 141 S. Ct. at 1169, and statutory context, id. at 1171, the Court found the modifying clause "using a random or sequential number generator" applies to all of the verbs that precede it – specifically, both "store" and "produce," id. at 1170. Therefore, to qualify as an ATDS, the equipment in question must use a random or sequential

generator to either store or produce phone numbers to be called, id. Because Facebook's system did neither, it was not an ATDS.

Medicredit argues that Plaintiff's allegation that it uploads telephone numbers to be called to its dialer is fundamentally incompatible with the definition of an ATDS set out in Duguid. In support of its argument, Medicredit cites Timms v. USAA Fed. Sav. Bank, No. 3:18-CV-01495-SAL, 2021 WL 2354931 (D.S.C. June 9, 2021). In Timms, the court granted summary judgment in favor of defendant on plaintiff's TCPA claim because there was no evidence in the record that the dialing systems at issue stored numbers using a random or sequential number generator or produced numbers using a random or sequential number generator. Both systems were "capable of making telephone calls only to specific telephone numbers from dialing lists created and loaded by' the defendant. They "cannot store or produce telephone numbers using a random or sequential number generator." Id. at *7. Therefore, neither dialing system was an ATDS. Because Timms was decided following discovery and on a motion for summary judgment, and not at the pleading stage, the Court finds the case is not dispositive of the issue before it.

Medicredit further argues it would be illogical to dial telephone numbers created by a random or sequential number generator to reach "Amy" or any other specific consumer it was trying to reach. Medicredit cites Watts v. Emergency Twenty Four, No. 20-CV-1820, 2021 WL 2529613, at *3 (N.D. Ill. June 21, 2021) and Hufnus v. DoNotPay, Inc., No. 20-CV-08701-VC, 2021 WL 2585488, at *1 (N.D. Cal. June 24, 2021), both dismissing TCPA claims because the dialing equipment at issue placed calls to specific individuals from an existing list of phone numbers, suggesting the numbers were not randomly or sequentially generated. But see Callier v.

GreenSky, Inc., No. EP-20-CV-00304-KC, 2021 WL 2688622 (W.D. Tex. May 10, 2021), denying a motion to dismiss a TCPA claim in light of Duguid:

> To be sure, that each agent asked to speak with 'Armando' suggests that Defendant did not use a random number generator to produce its call list … However, it is not unreasonable to infer from the pleadings that Defendant relied on a sequential number generator to place its calls. Indeed, such an inference is appropriately drawn at the pleadings stage, where the Court is required to credit Plaintiff's account, view the facts in the light most favorable to Plaintiff, and draw inferences therefrom[.]

Id. at *5.

In response, Plaintiff argues that a dialer does not have to generate the telephone numbers it autodials randomly or sequentially to qualify as an ATDS. Relying on a footnote in the Druguid opinion, Plaintiff contends that a dialer can qualify as an ATDS by "us[ing] a random number generator to determine the order in which to pick phone numbers from a preproduced list. It would then store those numbers to be dialed at a later time." 141 S. Ct. at 1172 n.7. Some courts have considered and rejected this argument, finding it relies on an "acontextual" reading of footnote 7 of Duguid, see Timms, 2021 WL 2354931, at *5-7 and Hufnus, 2021 WL 2585488, at *1-2. But see Carl v. First National Bank of Omaha, No. 2:19-cv-00504-GZS, 2021 WL 244162 (D. Me. June 15, 2021), acknowledging that "this description may encompass defendant's [dialing system]," but finding the issue not amenable to summary judgment on the current record. Id. at *9 n.10.

Upon consideration, the Court agrees with Plaintiff that the "newly clarified definition of an ATDS is more relevant to a summary judgment motion than at the pleading stage." Gross v. GG Homes, Inc., No. 3:32-cv-00271-DMS-BGS, 2021WL 2863623, at *7 (S.D. Cal. July 8, 2021) (citing Montanez v. Future Vision Brain Bank, LLC, 20-CV-02959-CMA-MEH, 2021 WL 1697928, at *7 (D. Colo. Apr. 29, 2021)). At this stage of the case, the Court cannot determine

whether Medicredit's dialer stores and/or produces telephone numbers using a random or sequential number generator. Additional factual details about Medicredit's dialer, including the process by which it stores and produces phone numbers, might be helpful but are not required at the pleading stage, particularly under notice pleading standards of Rule 8(a)(2), which requires only a "short and plain statement of the claim." <u>Gross</u>, 2021 WL 2863623, at *7.

In any event, the Court finds Plaintiff has pled enough facts to proceed with discovery, at which time he will have the opportunity to discover the precise technology that was used at the time of the alleged TCPA violations.[2] "If the technology does not meet the definition set forth in the statute, as construed by the Supreme Court in [<u>Duguid</u>]," then Medicredit may move for summary judgment on that basis. <u>Atkinson v. Pro Custom Solar, LLC</u>, No. 5:21-CV-178, ECF No. 11 at 2-3 (W.D. Tex. June 16, 2021). Again, the issue presented by Medicredit's motion is whether Plaintiff has plausibly alleged that Medicredit's dialer is an ATDS; whether he can prove his allegations at trial is a separate matter.

Therefore, accepting the factual allegations as true and granting all reasonable inferences from the amended complaint in Plaintiff's favor, the Court finds Plaintiff has alleged sufficient facts to withstand a motion for judgment on the pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Medicredit, Inc.'s Motion for Partial Judgment on the Pleadings [35] is **DENIED.**

Dated this 14th day of July, 2021.

JOHN A. ROSS
**UNITED STATES DISTRICT JUDGE**

---

[2] As noted by Plaintiff, this Court adopted Medicredit's proposal for bifurcated discovery on the merits of Plaintiff's individual claims before proceeding with class discovery. (Doc. Nos. 37, 38).