**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| TIMOTHY MILES, on behalf of himself and others similarly situated, | : : : : | |
| Plaintiff, | : : | |
| vs. | : : | Case No.: 4:20-cv-1186-JAR |
| MEDICREDIT, INC., | : : : | |
| Defendant. | : : | |

**ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT**

The Court has been advised that the parties to this action, Timothy Miles ("Plaintiff"), and Medicredit, Inc. ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the class members and a hearing, to settle the above-captioned lawsuit upon the terms and conditions set forth in their written settlement agreement (the "Settlement Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are hereby incorporated by reference herein;

**NOW, THEREFORE**, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on **Tuesday, February 7, 2023**, after notice to the class members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a final order and judgment should be entered in this lawsuit:

**IT IS HEREBY ORDERED**:

1

The Court has jurisdiction over the subject matter of the action and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant will cause to be served written notice of the class settlement on the United States Attorney General and the Attorneys General of each state in which any settlement class member resides.

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, this action is preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (the "Settlement Class Members") with respect to the claims asserted in this action:

> All persons in the United States who (a) received a call from Medicredit, Inc. between December 16, 2017 and July 7, 2022 on their cellular telephone, (b) with an artificial or prerecorded voice, (c) for which Medicredit, Inc.'s records contain a 'WN' designation and an 'MC' and/or 'MD' notation.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily appoints Timothy Miles as the class representative and Michael L. Greenwald of Greenwald Davidson Radbil PLLC as class counsel.

The Court preliminarily finds that this action satisfies the applicable prerequisites for class action treatment in connection with a settlement under Rule 23, namely:

    A.    The Settlement Class Members are so numerous and geographically dispersed that joinder of all of them is impracticable;

    B.    There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

    C.    Plaintiff's claims are typical of the claims of the Settlement Class Members;

  D. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

  E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court preliminarily finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, when considering, in their totality, the following factors: (1) the merits of Plaintiff's case, weighed against the terms of the settlement; (2) Defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005); *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988).

The Court has also considered the following factors in preliminarily finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members:

(A) the class representative and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

  (i) the costs, risks, and delay of trial and appeal;

  (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

  (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

  (iv) any agreement required to be identified under Rule 23(e)(3); and

3

      (D)    the proposal treats Settlement Class Members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

A third-party class administrator acceptable to the parties will administer the settlement and notification to Settlement Class Members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Settlement Class Members who can be identified through reasonable efforts. All costs of administration will be paid out of the Settlement Fund.  Upon the recommendation of the parties, the Court hereby appoints the following class administrator: Kroll Settlement Administration.

The Court approves the form and substance of the postcard notice, claim form, and Question & Answer Notice, which are attached as exhibits to the Settlement Agreement.  The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice plan is clearly designed to advise the Settlement Class Members of their rights. In accordance with the Settlement Agreement, the class administrator will cause the postcard notice to be mailed to the Settlement Class Members as expeditiously as possible, but in no event later than 45 days after the Court's entry of this order, *i.e.*, **no later than <u>Friday, October 7, 2022</u>**. The class administrator will confirm, and if necessary, update the addresses for the Settlement Class Members through a standard methodology that the class administrator uses to update addresses. In addition, the Question & Answer Notice, and relevant pleadings, will be made available to Settlement Class Members through a dedicated website.

4

Any class member who desires to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than 60 days after the Notice Deadline (105 days after the Court's entry of this order), *i.e.*, **no later than <u>Tuesday, December 6, 2022</u>**. To be effective, the written request for exclusion must state the class member's full name, address, and telephone number, along with a statement that the class member wishes to be excluded, and must be signed by the class member.  Any class member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

Any class member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days after the Notice Deadline (105 days after the Court's entry of this order), *i.e.*, **no later than <u>Tuesday, December 6, 2022</u>**. Further, any such class member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: Michael L. Greenwald, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and to Counsel for Defendant, Attention: Maura K. Monaghan, Debevoise & Plimpton LLP, 919 Third Ave., New York, NY 10022

To be effective, a notice of intent to object to the proposed settlement must:

    A.    Contain a heading which includes the name of the case and case number;

    B.    Provide the name, address, telephone number and signature of the class member filing the objection;

    C.    Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a settlement class member, including providing the cellular telephone number called by Medicredit, Inc.;

  D. Be sent to class counsel and counsel for Defendant at the addresses above by first-class mail, postmarked no later than 105 days after the Court preliminarily approves the settlement;

  E. Be filed with the Clerk of the Court no later than 105 days after the Court preliminarily approves the settlement;

  F. Contain the name, address, bar number and telephone number of the objecting class member's counsel, if represented by an attorney. If the class member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Eastern District of Missouri; and

  G. State the grounds for objection, as well as identify any documents which such objector desires the Court to consider.

Any class member who has timely filed an objection may appear at the settlement approval hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees, costs, and expenses. The right to object to the proposed settlement must be exercised individually by an individual class member, not as a member of a group or subclass and not by the act of another person acting or purporting to act in a representative capacity. Any objection that includes a request for exclusion will be treated as an exclusion. And any settlement class member who submits both an exclusion and an objection will be treated as having excluded himself or herself from the settlement, and will have no standing to object.

6

The Court orders that any member of the settlement class who does not submit a timely, written request for exclusion from the settlement class (*i.e.*, becomes an Opt-Out) will be bound by all proceedings, orders and judgments in this litigation, even if such member of the settlement class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Settlement Agreement release.

The class administrator will mail a settlement check to each class member who submits a timely, valid claim form and does not exclude himself or herself from the class. The settlement checks to the Settlement Class Members must be sent via U.S. mail no later than 45 days after the judgment in this case becomes final.

Timothy Miles may petition the Court to receive an amount not to exceed $10,000 as acknowledgement of his role in prosecuting this case on behalf of the Settlement Class Members.

Pending determination of whether final approval of the Settlement Agreement should be granted, the Court enjoins Plaintiff and all members of the settlement class unless and until they have timely excluded themselves from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or other proceeding against Defendant in any jurisdiction based on the Released Claims, (b) filing, commencing or prosecuting a lawsuit, arbitration or other proceeding against Defendant as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims and (c) attempting to effect Opt Outs of a class of individuals in any lawsuit or arbitration proceeding against Defendant based on the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

The Court will conduct a hearing (the "Final Fairness Hearing") on **Tuesday, February 7, 2023 at 11:00 a.m.**, at the United States District Court for the Eastern District of Missouri, Thomas F. Eagleton U.S. Courthouse, 111 South 10th Street, St. Louis, MO 63102, to review and rule upon the following issues:

    A.    Whether this action satisfies the applicable requirements for class action treatment for settlement purposes under Rule 23;

    B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court;

    C.    Whether the final order and judgment, as provided under the Settlement Agreement, should be entered, dismissing this action with prejudice and releasing the Released Claims against the Released Parties; and

    D.    To discuss and review other issues as the Court deems appropriate.

Attendance at the Final Fairness Hearing is not necessary. Class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class members wishing to be heard are, however, required to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to Settlement Class Members.

Memoranda in support of the proposed settlement must be filed with this Court no later than thirty days before the Final Fairness Hearing, *i.e.*, **no later than January 6, 2023**. Opposition briefs to any of the foregoing must be filed no later than fourteen days before the Final Fairness Hearing, *i.e.*, **no later than January 20, 2023**. Reply memoranda in support of the foregoing must be filed with this Court no later than seven days before the Final Fairness Hearing, *i.e.*, **no later**

than **January 30, 2023**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and litigation expenses by class counsel, or in support of an incentive award, must be filed with this Court no later than thirty-five days before the deadline for Settlement Class Members to object to, or exclude themselves from, the settlement (or seventy days after this Court's entry of this Order), *i.e.*, **no later than November 1, 2022**. Opposition briefs to any of the foregoing must be filed no later than 105 days after entry of this Order, *i.e.*, **no later than December 6, 2022**. Reply memoranda in support of the foregoing must be filed with this Court no later than fourteen days after the deadline for Settlement Class Members to object to, or exclude themselves from, the settlement, *i.e.*, **no later than December 20, 2022**. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

The Court sets the following schedule:

| Date | Event |
|---|---|
| **August 23, 2022** | Preliminary Approval Order Entered |
| **October 7, 2022** | Notice Sent (45 days after entry of Preliminary Approval Order) |
| **November 1, 2022** | Attorneys' Fees Petition Filed, and Request for an Incentive Award (70 days after entry of Preliminary Approval Order) |
| **December 6, 2022** | Deadline to Submit Claims, Send Exclusion, File Objection, or respond in opposition to Attorneys' Fees Petition and Request for an Incentive Award (105 days after entry of Preliminary Approval Order) |
| **December 20, 2022** | Deadline for reply in support of Attorneys' Fees Petition and Request for an Incentive Award (119 days after entry of Preliminary Approval Order) |
| **January 6, 2023** | Motion for Final Approval Filed (at least 30 days prior to Final Fairness Hearing) |
| **January 20, 2023** | Opposition to Motion for Final Approval (at least 14 days prior to Final Fairness Hearing) |

| Date | Event |
|---|---|
| **January 30, 2023** | Reply in Support of Motion for Final Approval Filed (at least 7 days prior to Final Fairness Hearing) |
| **February 7, 2023** | Final Fairness Hearing Held (at least 30 days after entry of Deadline to Submit Claims, Send Exclusion or File Objection) |

**IT IS SO ORDERED.**

Dated this 23rd day of August, 2022.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**